By the Court, Bosworth, Ch. J.
The defendant Wright was, apparently, the owner, but in fact, the mortgagee of one quarter of the ship, and as such had the right to take such possession as an owner of one quarter lawfully might take.
When the letter of the 19th of November, 1859, was written, the goods in question to the amount of $168.27 had been furnished. The residue of them, amounting to $78.09, were furnished subsequently.
*309 The defendant is not. liable for the goods delivered prior to Hovember 19, 1859, by reason of any facts then existing. He is not liable merely because he was then a registered part owner. (Hackwood v. Lyall, 17 Com. B. 124.) The person ordering the supplies was not acting therein as his agent, nor had he been held out or recognized by the defendant as authorized to act for him. On such a state of facts, a mortgagee, though made such by a bill of sale absolute on its face, is not liable. (Brodie v. Howard, id. 109. Mitcheson v. Oliver, 5 Ellis & Bl. 419. McIntyre v. Scott, 8 John. 159.)
If the defendant is liable for these supplies and for those subsequently furnished,„it is by force of the communication made to him of the date of Hovember 19, 1859, and proof of his assent to the voyage, and to be deemed liable “ for the expenses, bills and outfits attending such voyage,” and “to be responsible for his share in the expenses and loss.” There is no pretense that the plaintiffs knew this communication had been made, and of course they were not influenced by it in declining the supplies furnished subsequent to its date. But those facts do not determine the question of Wright’s liability.
If what is proved, in connection with the facts offered to be proved and excluded, entitles the defendant to share in the profits of the voyage, then I think he is liable for a fourth part of the outfit, as between himself and the other part owners, and for the whole to those persons who furnished necessary supplies for the voyage, in good faith. (Cutling v. Robertson, 7 Mann. & Gr. 336. Muldon v. Whitlock, 1 Cowen, 290. Stedman v. Feidler, 20 N. Y. Rep. 437 ; and see Provost v. Patchin, 5 Seld. 235.)
The letter of the 19 th of Hovember requests the defendant, if he desired to have the voyage performed at the expense and for the profit of Howes & Go., to please say so, and states that he should receive a bond for the safe return of the vessel, otherwise they should consider that he acquiesced in the voyage, and intended to be responsible for his share of the expenses and losses. The defendant Wright sent no reply. Hothing subsequently occurred, prior to the termination of the voyage, to *310 affect the relations between him and Howes & Co. created by this communication and Wright’s omission to reply to it.
. G-ood faith requires that the defendant Wright should be deemed to have acquiesced in the voyage as one to be made for account of himself and Howes & Co., as part owners of the ship, and that he and they should be estopped to deny that such was their position and relation to each other.
The .defendant Wright, in a suit brought by him against Howes & Co. and others, in his verified complaint of the 30th of January, 1861, alleges that he received the notice or letter of the 19th of November, 1859, and avers that “he acquiesced in such voyage of said vessel * * ■ as for his account and risk as to the one fourth interest corresponding with the share of said vessel so conveyed to him as aforesaid.”
Assuming this fact to be so, then he assented to the voyage with all the incidents and liabilities attaching to a part owner, quoad hoc.
It' must be assumed, for all the purposes of this trial, that he so assented. He has deliberately made oath as a basis of judicial proceedings instituted by him, that he did so assent. Ho subsequent fact or circumstance occurring prior to the termination of the voyage has been proved, which tends to show that he did not then so assent, or that Howes & Co. did not consider that he so assented.
If Mr. Wright was unwilling to assent to the proposed use of the ship, he might, on taking possession under his bill of sale, have compelled Howes & Co. to give a stipulation for her safe return, upon a proper libel filed in the admiralty requiring it.1 (The New Orleans v. Phoebus, 11 Pet. 175, 183.)
Such a stipulation having been required and given, if the ship had been lost, Howes & Co. would have been liable to Mr. Wright for the value of his interest; but not liable to account to him for any part of the profits. (Strelby v. Wilson, 1 Vern. 297.)
But no stipulation having been required or given, if the ship had been lost, Wright would have no claim upon Howes & *311 Co. by reason of such loss. , (Strelby v. Wilson, supra. Moody v. Buck, 1 Sandf. 304. Pars. Merc. L. 335, n 2.)
Such being the position of Mr. Wright and of Howes & Oo._ to each other, it would seem to follow that the letter of the 19th of Nov. 1861, related to a subject in respect to which it was his duty to speak, and contained direct declarations with respect to his rights, and that his silence in omitting to reply might properly be regarded as an acquiescence by him in the alternative, in which the letter stated he would be deemed to acquiesce if he omitted to reply, that he preferred and desired a bond for the safe return of the ship. (1 Cow. & Hill’s and Edw.’s Notes, p. 437, note 127.)
But this rule and its just application do not constitute the strength of. the plaintiff’s case. Mr. Wright has deliberately made oath, as a basis of judicial action, that he did, in fact, acquiesce in the voyage. And even if it were permissible for him to prove the contrary in this action, there is no evidence tending to show that he did not in truth assent.
If? as he has deposed, he did then assent, he is clearly liable for the supplies furnished subsequently. In equity and good conscience, he is equally liable for all proper supplies for the voyage furnished previously, to any one who furnished them, in good faith, on the credit of all the owners.
They were a necessary part of the expense of the voyage, in the profits of which he was to participate, and in which voyage he acquiesced, “ as for his account and risk as to the one fourth interest corresponding with the share of said vessel so conveyed to him as aforesaid.”
As to such voyage, and its appropriate outfits, he stood in the position of an actual part owner of the ship, assenting to and authorizing it; and the legal result is, that he is liable as a part owner, authorizing the fitting out and employment of the ship.
The refusal of Howes & Oo., after the voyage was concluded, to deal justly with him (and their attempt to defeat his claim to any profits to which he was entitled, if held to the promise contained in their letter of the 19th of Nov, 1859, if they *312 hay e-so attempted,) can not affect Ms rights or their liaMlities, nor-the rights, of third persons.
■ .They should not now be permitted to allege that Mr. Wright did not make such an election as they in writing informed him he would be deemed to have made if he did .not reply to that letter, nor that Ms rights as between him and them are not the. same as.they would be if a formal written contract conforming to such election had been signed by them.
- If the views' already expressed as to the merits of the action are correct, the exceptions taken are untenable. .
- ■. The judgment should be affirmed. .